IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                No. 20-cr-1860-WJ

DIANNA KALISCH,

    Defendant.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

**THIS MATTER** is before the Court on Defendant Dianna Kalisch's Motion for Early Termination of Supervised Release (**Doc. 75**), the United States' Response (**Doc. 76**), and Defendant's Reply (**Doc. 77**). After reviewing the parties' briefing, and in consideration of the applicable law, the Court finds the Motion is not well-taken and is, therefore, **DENIED**.

### BACKGROUND

In late 2020, Defendant was charged with distributing narcotics—first by criminal complaint (**Doc. 1**), and then by Indictment (**Doc. 16**). Both charging instruments allege Defendant distributed more than fifty grams of methamphetamine.

Pending resolution of the case, Defendant was granted pretrial release—subject to various conditions and subsequent modifications. *See* **Docs. 13, 26, 29, 32, 34, 38**. She started off at the La Pasada halfway house; was then released to a third-party custodian; and later, she was allowed to reside in her own apartment. Almost two years after being charged, Defendant entered into a plea agreement (**Doc. 56**). Thereafter, she pleaded guilty before a United States Magistrate Judge (**Docs. 55 & 57**).

As always, Probation issued a Presentence Investigation Report ("PSR") prior to sentencing (**Doc. 61**). The PSR calculated Defendant's advisory Guideline imprisonment range to be 60–71 months (*id.* **at 19**). This Guideline calculation was based upon a total offense level of 25 and a criminal history category of I. ***Ibid.*** At the same time, however, this sentencing range noted that Defendant "appears to meet" the safety valve criteria in 18 U.S.C. § 3553(f). ***Id.* at ¶ 79**. Additionally, the PSR stated that "the Court **must** impose a term of supervised release of at least three years" for Count 1, and "four years" for Count 2. ***Id.* at ¶ 82** (emphasis added). Thus, despite being safety valve eligible, Defendant was required to serve at least two years on supervised release. ***Id.* at ¶ 84** (citing USSG § 5D1.2(a)).

Sentencing was then continued from November 7th to December 7th; and then again from December to February (**Docs. 63–66**). Prior to the February 2023 sentencing, both the Defendant and the United States filed sentencing memoranda (**Docs. 67–69**). Importantly, defense counsel requested a downward variance of time-served—and the United States did not oppose this request. *See also* **Doc. 74 (Sentencing Hrg. Tr.) at 3:24–4:10**. Given this agreement (coupled with Defendant's performance on pretrial release), the Court imposed a sentence of "22 days or time served, whichever is less." ***Id.* at 12:20–21**; **Doc. 71 at 3**.

As the Court stated on the record during the hearing, because the "significant downward variance" was granted, the maximum amount of supervised release was imposed. **Sentencing Hrg. Tr. at 12:22–13:4**. It was these two components—in tandem—that formed the basis of a sufficient, but not greater than necessary sentence to satisfy the goals of sentencing.

Now, after approximately seventeen months on supervised release, Defendant seeks early termination (**Doc. 75**). The United States opposes this request (**Doc. 76**).

DISCUSSION

Because Defendant has completed more than one year of supervision, the Motion is ripe for consideration.[1] 18 U.S.C. § 3583(e)(1). Deciding whether to grant or deny early termination from supervised release is left "wholly" to "the discretion of the sentencing court." *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012). Guiding the Court are the relevant[2] factors in 18 U.S.C. § 3553(a) and "the interest of justice." 18 U.S.C. § 3583(e)(1).

Here, these factors weigh against granting early termination.

**I. Subsection (a)(1)**

*A. Nature and circumstances of the offense*

First, the Court must consider the underlying crime. As the Court stated during sentencing, these were "serious drug offenses." **Sentencing Hrg. Tr. at 4:2**. In fact, the PSR noted that her guilty plea to Count 4 carried a five-year "minimum term of imprisonment." **Doc. 61 at 13 ¶ 79**. As Fourth Circuit Judge J. Harvie Wilkinson stated:

> Congress has made plain that the seriousness of a drug offense should be tied to the type and quantity of drug involved. In particular, in 1986, Congress passed the Anti-Drug Abuse Act ("ADAA"), which established a "weight-driven scheme" for punishing drug offenses. This scheme has two core parts. First, it created a tiered system of mandatory minimum and enhanced maximum sentences for drug crimes, with a five-year mandatory minimum for "serious" dealers and a ten-year mandatory minimum for "major" ones. Second, Congress decided on "the weight of the drugs involved in the offense as the sole proxy to identify 'major' and 'serious' dealers." In so many words, the higher the weight, the higher the penalty.

*United States v. Williamson*, 953 F.3d 264, 268 (4th Cir. 2020) (internal citations omitted). But, as explained below, Defendant was safety valve eligible—and this enabled the Court to "impose a

---

[1] The Court conducts the following analysis *assuming* (without deciding) that it possesses the authority (or discretion) to modify a mandatory minimum period of supervised release. For more analysis on this assumption—one the Court disagrees with—see *infra* ¶ VII.

[2] A full consideration of the § 3553(a) factors is not required. Instead, the Court only looks to subsections: (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Lacking from consideration are subsections (a)(2)(A) and (a)(3).

3

sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence." **Doc. 61 at ¶ 80**. *See* USSG § 5C1.2; *see also* 18 U.S.C. §§ 3553(f)(1)–(5); *United States v. Hargrove*, 911 F.3d 1306, 1314 n.3 (10th Cir. 2019) (Holmes, J.) (explaining the "safety-valve provision . . . permits a district court to disregard the otherwise applicable statutory mandatory minimum.").

Even so, the seriousness of the underlying offenses of conviction weigh against early termination.

### *B. History and characteristics of defendant*

Next, the Court must consider Defendant's personal history and characteristics. 18 U.S.C. § 3553(a)(1). Defense counsel asserts that her "success while on supervision" warrants early termination (**Doc. 75 at 3**). As expected, the United States argues that "be[ing] in full compliance . . . do[es] not weigh in favor of terminating her supervised release." **Doc. 76 at 3**.

During her time on supervised release (as well as during her time on pretrial release), Defendant has complied with her conditions. This is certainly compelling. In fact, during the sentencing hearing the Court "commended [her] for rebuilding [her] life." **Sentencing Hrg. Tr. at 11:10–11**. In conveying this point, the Court noted that oftentimes "people dig themselves into a hole, and instead of working to get out of the hole, they keep digging the hole deeper. You got out of the hole," and stated her performance was "a success story." *Id.* **at 11:10–15**.

Even so, compliance on release "does not warrant early termination." *United States v. Givens*, No. 14-cr-74, 2022 U.S. Dist. LEXIS 238215, at *1 (E.D. Ky. July 19, 2022). If it did, then "the exception would swallow the rule." *Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (citation omitted).

Defendant's history and characteristics weigh in favor of early termination.

## II. Subsection (a)(2)

### A. Afford adequate deterrence

Next, defense counsel points out that the specific deterrence goal has been satisfied—highlighting that Defendant "has demonstrated that she is rehabilitated." **Doc. 75 at 3**. The United States disagrees—and points out that Defendant received a "sentence below her Guidelines range." **Doc. 76 at 4**.

In affording adequate deterrence, there are two purposes: specific deterrence and general deterrence. *See United States v. Walker*, 844 F.3d 1253, 1257–58 (10th Cir. 2017) (pointing out that the district court "gave inadequate attention" to the relevance of "general deterrence"); *United States v. Cookson*, 922 F.3d 1079, 1094 (10th Cir. 2019) (same). Here, although the sentence imposed appears to have achieved the goal of specific deterrence—as mentioned above—granting the early termination would undermine the general deterrence aspect of this sentencing factor. Terminating Defendant's supervised release "at this juncture," **Doc. 76 at 1**, would downplay the seriousness of her criminal conduct. Moreover, terminating supervised release after such a short time would send the wrong message to other offenders. *See infra* ¶ V. At bottom, a sentence of twenty-two days in custody and supervised release for seventeen months provides little (to no) general deterrence. On balance, this factor weighs against granting early termination.

### B. Protect the public

This factor favors Defendant. For one, she was in criminal history category I (**Doc. 61 at ¶¶ 39–40**). The fact she was safety valve eligible is to her credit. And, equally importantly, there have been no violations of pretrial release or supervised release.

5

### C. Provide training or treatment

This factor was not briefed by either party. But the Court remembers engaging in a dialogue with counsel—and Defendant—at sentencing regarding her addiction. **Sentencing Hrg. Tr. at 9:17–23**. This factor supports continued supervision for a few reasons.

One, Defendant is subject to substance abuse testing. *See* **Sentencing Hrg. Tr. at 14:13–14; Doc. 71 at 4 & 6**. The other is that supervision provides increased access to substance abuse treatment. Both of these guardrails benefit Defendant in fighting her addiction in an effective way—and weigh against early termination. Thus, Defense counsel's reliance on *United States v. Garcia-Rivas*, __ F. Supp. 3d __, 2024 U.S. Dist. LEXIS 12148 (D. Or. 2024) is unavailing. *See* **Doc. 77 at 2–3 & Doc. 77-1**.

## III. Subsection (a)(4)

This factor is related to (a)(1) and (a)(6). At sentencing, Defendant's correctly calculated advisory Guidelines range was 60–71 months (**Doc. 61 at ¶¶ 79 & 80**). Her drug trafficking conviction carried a five-year statutory minimum. The sentencing range and category of offense prove these were serious offenses. At the same time, Defendant was safety-valve eligible because of her history and characteristics.

But even so, safety valve eligibility did not permit the Court to impose fewer than two years of supervised release. *See* USSG § 5D1.2(a). As explained below, *see infra* ¶ VII, the Court cannot terminate her supervision below the mandatory period. Thus, in the Court's view, this factor weighs heavily against early termination.

## IV. Subsection (a)(5)

This factor was not briefed by the parties. Nor is the Court aware of any pertinent policy statement regarding early termination of supervised release. This factor plays no role.

6

## V. Subsection (a)(6)

The Court is also cognizant of the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a)(6). At sentencing, Defendant's correctly calculated advisory Guidelines range was 60–71 months (**Doc. 61 at ¶¶ 79 & 80**). Nevertheless, the parties agreed to a sentence of time-served—equaling the approximately twenty-two days she spent in custody (**Doc. 61 at 1**).

At the time, part of the United States' logic for "not oppos[ing] the Defendant's request for a time-served sentence" was the imposition of "five years of supervised release." **Doc. 69 at 1**. Terminating her supervised release today would chop off 70% of her remaining supervised release—thereby creating an unwarranted disparity.[3]

This factor weighs against early termination.

## VI. Subsection (a)(7)

This factor plays no role—as restitution was not ordered. **Sentencing Hrg. Tr. at 16:20–22; Doc. 71**. Additionally, the parties made no mention of restitution in their briefing.

* * *

To recap: the Court sentenced Defendant to a time-served sentence—resulting in a sixty-month variance below the advisory Guidelines range (**Doc. 61 at 19**). In so doing, part of the Court's rationale for imposing a below-Guidelines sentence was the concomitant period of

---

[3] This Court is not alone in concluding that the imposition of a below the Guidelines sentence weighs against a Defendant who later comes asking for early termination of supervised release. *See United States v. Mulay*, 537 F. Supp. 3d 1269, 1273–74 (D.N.M. 2021) (explaining the imposition of a "below the prescribed guideline range" weighs against early termination); *United States v. Fresquez*, No. 07-cr-403, 2023 U.S. Dist. LEXIS 105501, at *10–11 (D. Colo. June 16, 2023) (explaining that a "below the advisory Guideline range" sentence and completion of "a small portion" of the supervised release period "weigh against early termination"); *United States v. Zwiebel*, No. 06-cr-720, 2017 U.S. Dist. LEXIS 62059, at *4–5 (D. Utah Apr. 24, 2017) (same); *United States v. Yates*, No. 15-40063, 2023 U.S. Dist. LEXIS 79238 (D. Kan. May 1, 2023); *United States v. Swant*, No. 22-cr-121, 2023 U.S. Dist. LEXIS 196521, at *5–6 (D. Idaho Nov. 1, 2023) (explaining because the "original sentence was well below the guideline range," that "early termination is not favored"); *United States v. Cymerman*, No. 15-179, 2023 U.S. Dist. LEXIS 206095, at *8 (D.D.C. Nov. 17, 2023).

supervised release. In the Court's view, a time-served custodial sentence coupled with a significant period of supervision was "sufficient, but not greater than necessary to satisfy the goals of sentencing." **Sentencing Hrg. Tr. at 12:16–17**. Likewise, the mandatory duration of *part* of her supervision period was equally compelling. *See* **Doc. 62**.

Defense counsel is correct: supervised release is not punitive—it is meant to aid Defendant's rehabilitation (**Doc. 77 at 1**). *See United States v. Johnson*, 529 U.S. 53, 59 (2000). And here, it appears to be serving its purpose. The United States opposes Defendant's motion, in part, because she has only completed a third of her term of supervision. *See* **Doc. 76 at 1** (explaining the early termination motion should be denied "at this juncture," because "Defendant has served only 17 months"). The Court finds this nuanced perspective insightful.

At this time, neither the § 3553(a) factors nor the interest of justice support Defendant's request for early termination.

**VII. Mandatory-Minimum**

Having undertaken the necessary statutory analysis for early termination under 18 U.S.C. § 3583(e)(1), the Court now turns its attention to the mandatory supervision period under 21 U.S.C. § 841(b)(1)(C), (b)(1)(B), and USSG § 5D1.2(a). *See* **Doc. 61 at ¶¶ 82–84**.

In a different case, this Court "addresse[d] whether § 3583(e)(1) grants district courts the authority to reduce a term of supervision below the minimum term of supervision required under § 841." *United States v. Hovey*, __ F. Supp. 3d. __, 2024 U.S. Dist. LEXIS 148391, at *5–6 (D.N.M. 2024) (Johnson, C.J.). Because the Tenth Circuit hasn't ruled on this issue, the Court relied on cases from the Ninth Circuit and D.C. Circuit when concluding that "it is logical to treat mandatory terms of supervision in the same manner as mandatory prison terms, thereby prohibiting

reductions in supervision terms based on a mandatory minimum." *Hovey*, at *7–8. The *Hovey* analysis rings true in this case, too.

Like in *Hovey*, however, the Court does not rely solely on this mandatory-minimum supervised release period—because "even if § 3583(e)(1) permits courts to reduce a defendant's term of supervision below the statutory minimum, in the instant case early termination . . . is not justified under the § 3553(a) factors." *Hovey*, at *9.

\* \* \*

In sum, assuming § 3583(e)(1) permits courts to reduce a term of supervision below the statutory minimum, early termination—seventeen months into a sixty-month period—is not justified under the § 3553(a) factors or the interest of justice.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion for Early Termination of Supervised Release (**Doc. 75**) is **DENIED.**

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE